IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 21-1499 JCH |
| | ) |
| TRUETT SMITH, | ) |
| | ) |
| Defendant. | ) |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE RELEASE PENDING SENTENCING

The United States respectfully requests this Court deny Defendant's Motion to Continue Release Pending Sentencing. As grounds for such, the United States provides the following:

### Background

The Defendant is charged with one count of violating 18 U.S.C. § 2113(a) for Attempted Bank Robbery. Doc. 19. The factual basis in the plea agreement between the Defendant and the United States provides that the Defendant attempted to rob the Enterprise Bank & Trust on Galisteo Street in Santa Fe, New Mexico, by threat and intimidation via a claim that "they're going to die" [referring to his wife and daughter] if the teller did not give him the money he demanded. Doc. 78 at 6. Notably, while this is the version the parties have agreed upon, there is conflicting evidence. The teller who directly received the demand and threat from the Defendant understood the Defendant to have demanded the money on the envelope he slid over to her "or you're going to die." Either way, the Defendant was told to leave by the bank manager, who saw what was going on, and the Defendant angrily left.

As the Defendant correctly recounts in his motion, he has gone through and completed inpatient treatment at Four Winds in Farmington, NM, already.  Doc. 60 at 1–2.  After that, the Defendant was permitted to reside with his family in Santa Fe on pretrial release.  During that time, however, and while plea negotiations were ongoing, the Defendant had several technical violations of his conditions of release, and was ultimately arrested by the Santa Fe Police Department at a Santa Fe Walmart for felony shoplifting.  The Defendant was stopped while attempting to steal over $1000-worth of items from the store.  The Defendant was charged with a felony count of shoplifting in New Mexico State Court.  *See* Doc. 45 (Petition for Action on Conditions of Pretrial Release).  The complaint was dismissed on March 30, 2023, by the State after the Defendant complied with the terms of a defense continuance, which specifically turned on the Defendant entering and completing another inpatient treatment program under supervision by the United States Probation Office.

The Defendant entered inpatient treatment at Four Winds in Rio Rancho on December 6, 2022, and completed the program on May 31, 2023, at which time he was released to La Pasada halfway house without objection from the United States.

## DISCUSSION

A. The Defendant's conviction for Attempted Bank Robbery is a "Crime of Violence" for purposes of 18 U.S.C. § 3143(a)(2).

Contrary to the Defendant's argument in his motion to continue release, a conviction for Attempted Bank Robbery in violation of 18 U.S.C. § 2113(a) is a "crime of violence" under the statutory definition.  Pursuant to 18 U.S.C. § 3156(a)(4), and for purposes of the provisions relying on categories of offenses deemed "crimes of violence" in §§ 3142(f)(1)(A) and 3143(a)(2), a "crime of violence" is "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another" *or*

"any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See* 18 U.S.C. § 3156(a)(4)(A)–(B).

Contrary to the Defendant's argument that his specific commission of his attempted bank robbery removes his offense from the "crime of violence" category, the proper question is whether the offense itself constitutes a crime of violence by its own elements or nature of commission. *See* 18 U.S.C. § 3156(a)(4)(A)–(B). Thus, when interpreting whether an offense is a "crime of violence" under the Bail Reform Act's definition, this Court must apply the "categorical approach" to the statute at issue—18 U.S.C. § 2113(a). This involves applying "how the 'idealized ordinary case of the crime subsequently plays out.'" *United States v. Watkins*, 940 F.3d 152, 163 (2d Cir. 2019) (quoting *Johnson v. United States*, 576 U.S. 591, 597 (2015)).

Here, attempted bank robbery is categorically a "crime of violence" for purposes of 18 U.S.C. §§ 3142(f)(1)(A) and 3143(a)(2). *See United States v. Bindley*, 1997 U.S. Dist. LEXIS 7942 at *2 (D. Kan. May 6, 1997) (stating "there is no question that the defendant was convicted of crimes of violence" for convictions of aggravated bank robbery under 18 U.S.C. §§ 2113(a), (d) and 2, use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2; and conspiracy to commit aggravated bank robbery in violation of 18 U.S.C. § 371). Attempted bank robbery by intimidation requires that the Defendant intended to commit the crime by intimidation, which is to say that the Defendant intended that the victim fear bodily harm on the part of any person. *See United States v. Crosby*, 416 F. Appx. 776, 778–79 (10th Cir. 2011).

Thus, the Defendant's conviction under § 2113(a) for attempted bank robbery is by definition a categorical crime of violence.

    A.  <u>Following conviction, the law requires detention pending sentencing</u>.

First, as a crime of violence, 18 U.S.C. §§ 3142(a)(2) and 3142(f)(1)(A) require detention of the Defendant pending sentencing unless it is "clearly shown" that "exceptional reasons" are present as to why the Defendant's detention is not appropriate. 18 U.S.C. § 3145(c). Here, the United States agrees with the U.S. Probation Office's determination that "exceptional reasons" are not present.

Although the Defendant has done well recently in his inpatient treatment and time at La Pasada, the fact is that this is the expectation, not an exceptional reason for avoiding 18 U.S.C. § 3142(a)(2)'s mandatory detention requirement pending sentencing. It is unfortunate that many defendants struggling with addiction are unsuccessful in abiding by conditions such as discontinued substance abuse or attending treatment and counseling sessions, but the bar for expectation of abiding by conditions of release should not be lowered to the level such that mere compliance with conditions and completion of treatment are deemed "exceptional." Moreover, the Defendant will be able to maintain his same medication regimen even while in custody, and the purpose of the intensive treatment and counseling that the Defendant has received so far is that the Defendant be able to maintain lawful and healthy behavior on his own. The Defendant is facing a prison sentence, and the United States will not be in agreement with the Defendant's anticipated request for a sentence of time served. At the end of the day, although the Defendant is in a much better position than some others as far as criminal history and success in inpatient treatment, he has not "clearly shown" that there are exceptional reasons for his continued release upon conviction of this crime of violence.

> B. <u>Defendant cannot satisfy his burden of showing by clear and convincing evidence that he is not a danger to the community.</u>

Second, even if the Defendant's conviction for attempted bank robbery is not deemed a crime of violence, the Defendant still does not show clear and convincing evidence that his presumed detention is not appropriate pending sentencing. While the United States agrees that he is not a flight risk, the Defendant is a danger to another person or the community.

Under 18 U.S.C. § 3143(a), even if the Defendant's offense is not listed under 18 U.S.C. § 3142(a)(2) and 3142(f)(1)(A)-(C) (which, as noted above, it is), the law still presumes his detention pending sentencing. 18 U.S.C. § 3143(a)(1) states:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

"The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." FED. R. CRIM. P. 46(c). "There is a presumption of detention pending sentencing." *United States v. Johnson*, 652 F.App'x 618, 621 (10th Cir. 2016). The presumption applies even if the low-end of the guideline sentence is zero months. *Id*. "To secure release after a guilty verdict, a defendant must rebut the presumption of detention with clear and convincing evidence that he is not a flight risk or a danger to any person or the community." *Id*.

The Defendant is not a robot who, when properly medicated, is a lawful and productive member of society, but when improperly medicated, automatically reverts to crimes, including crimes of violence or threats. Like so many others, the Defendant's substance abuse problems have played a role in his criminal conduct. But this alone cannot be an excuse or some sort of

trusted algorithm to determine that the Defendant is not a danger to any person or the community. The fact is that the Defendant's own choices matter, and the Defendant has already demonstrated that he is willing to commit serious crimes if he views them as a way to support a substance abuse problem. While on pretrial release, and while negotiating a plea deal for the current offense, the Defendant committed a felony offense. The Defendant chose this; a medication regimen did not force him to do that.

In any event, even if the Defendant was as robotic as his motion makes him out to be with regard to medication and substance abuse, this argument highlights the instability of the Defendant and his threat of danger to the community. The Defendant has once more been left in the community to manage his treatment and medication, and with one slight change in his medication regimen, apparently was unable to stop from committing another felony. This does not portend well for the Defendant's ability to be left in the community pending sentencing. If such a disruption leads right back to community-threatening criminal conduct, the Defendant poses a danger to the community, and the presumption of detention should hold.

Although the Defendant should be commended for maintaining his sobriety so far since completing his intensive inpatient treatment, the fact is that the Defendant will likely serve some time in confinement for his conviction in this case. Moreover, after that time, the Defendant will have to rely on the skills and support of his family to re-enter society and maintain a healthy and crime free existence. He will have the help of the USPO during a period of supervised release after his sentence is served. However, at this time, and under these circumstances, the law is straightforward, and it provides that the Defendant should be detained pending his sentencing for his conviction for attempted bank robbery, regardless of whether his conviction is deemed a "crime of violence."

## Conclusion

The Defendant is a drug addict who has shown a willingness to threaten and intimidate others to rob a bank—a serious offense and a categorical crime of violence. When given a chance by this Court to be released from confinement, he committed another state felony, in addition to other technical violations of his conditions of release. Now, the burden is on the Defendant to show that "exceptional reasons" make his required detention pending sentencing inappropriate. Or, even if the mandatory detention provision for his crime of violence is not applied, he must prove by clear and convincing evidence that he is not a danger to the community. He simply cannot do either. As such, the United States requests this Court deny Defendant's motion and order his detention until sentencing.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Electronically Signed*

TAVO HALL
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87102
Phone: (505) 346-7274
Fax: (505) 346-7296

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to defense counsel and probation.

*/s/ Filed Electronically on July 6, 2023*
TAVO HALL
Assistant United States Attorney